UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X   NOT FOR PUBLICATION

MICHAEL TAYLOR as next friend of
THELMA YOUNG,

          Petitioner,                              MEMORANDUM
-against-                                          AND ORDER

NEW YORK STATE DEPARTMENT OF          07 CV 2211 (NGG)
LABOR,

          Respondent.
----------------------------------------------------------X
GARAUFIS, United States District Judge:

        On May 22, 2007, Michael Taylor, a prisoner incarcerated at the Metropolitan Detention Center in Brooklyn ("MDC-Brooklyn"), filed this *pro se* petition seeking a writ of habeas corpus on behalf of his sister, Thelma Young. The petition for a writ of habeas corpus is dismissed as set forth below.

        A petition for a writ of habeas corpus is filed when the person in custody is challenging the constitutionality of his or her custody pursuant to a state court judgment of conviction. 28 U.S.C. §§ 2241 and 2254. Here, there is no allegation that Thelma Young is in custody pursuant to any state court judgment of conviction and the facts supporting the petition only relate to the denial of unemployment benefits.

        Accordingly, the petition for a writ of habeas corpus is dismissed.[1] A certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438 (1962). The Clerk of Court is directed to close this case.

        SO ORDERED.

                                                              /signed/
                                                      NICHOLAS G. GARAUFIS
                                                      United States District Judge

Dated: June       , 2007
       Brooklyn, New York

---

[1] The Court notes that Michael Taylor is in custody at MDC-Brooklyn, however, the instant application does not challenge his custody. Since this not a properly filed petition for a writ of habeas corpus, the Court does not address whether Mr. Taylor would be allowed to act as "next friend" under 28 U.S.C. § 2242. See generally Whitmore v. Arkansas, 495 U.S. 149, 154 (1990).